## No. 5074.

### (Court of Appeal, Parish of Orleans.)

## AMERICAN STANDARD JEWELRY COMPANY vs. D. TERREBONNE.

Wm. H. Byrnes, Jr., and J. W. Fleury for appellant.

L. H. Marrero, Jr., for defendant and appellee.

DUFOUR, J.—The plaintiff, Elver L. Brice, doing business in Detroit, Michigan, under the name of the American Standard Jewelry Company, sues on certain accepted drafts given for the purchase price of cheap gilt jewelry sold to the defendant.

The defenses urged are an exception of no cause of action, and a plea of want of consideration.

The exception is based on the suggestion that the individual was doing business in the name of a fictitious corporation in violation of **Secs. 2668** and **2669, Revised Statutes,** and, hence, under **Art. 12, R. C. C.,** the contract is null and non-enforceable.

It is settled law that the statute was intended to prevent the obtaining and not the giving of credit, and that the creditor has the right to demand payment of his debtor.

In order to properly appreciate the plea of want of consideration, it becomes necessary to examine the facts of this case in their chronological order.

The goods were ordered in March, 1907, and were received about April 4, 1907; the acceptances bear date of March 23d. A second supply of goods was ordered on April 9th, but almost immediately thereafter, on April 14th, the defendant's store and its stock contents were destroyed by fire.

The defendant made proofs of loss, but did not include in the list of lost articles the jewelry in controversy; he recovered from the insurer $1,000, the full amount of his policy.

He `now, when sued, makes his first complaint and claims that because three articles of jewelry were returned to him by customers, two or three weeks after the fire, as being tarnished, the contract should be deemed **ipso facto** annulled as to the whole assignment for want of consideration.

We shall not assume that the condition of three pieces of jewelry is sufficient to establish the condition of two or three hundred and to warrant the annulment of the agreement, when the only warranty in the contract is that ''any article of jewelry shipped by us which fails to give entire satisfaction any time within five years from date of purchase must be returned to us, and we will repair or furnish a new duplicate article in its place.''

That the defense is an afterthought, born of the exigencies of the case, is conclusively shown by a letter of May 25th, forty days after the fire and three weeks after the return of the tarnished jewelry, in which defendant asks for delay and offers to draw another draft in plaintiff's favor for the debt.

Not a word of complaint is found in that letter.

The defense is ingenious and presents a novel but not commendable scheme for the avoidance of payment of a just obligation.

It follows as the natural sequence of the omission of the jewelry from the proofs of loss, although it was, beyond question, the defendant's property at that time.

It also enables the defendant, after having received for the rest of his stock the full amount of exigible insurance to cast the burden of the loss of the jewelry on the plaintiff.

Though doubtless convenient to the litigant, this simple expedient for the extinguishment of obligations is not one of the modes provided by law and does not commend itself to a court of justice.

Judgment reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Elver L. Brice, and against defendant, D. Terrebonne, for the sum of one hundred and eighty-dollars ($180), with legal interest on the amount of each note herein sued on from date of its maturity, costs of both courts to be paid by defendant.